IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-169 |
| | ) | |
| DANIEL A. KUNDRAT | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and pursuant to this Court's Order, hereby submits the Government's Sentencing Memorandum.

On September 14, 2018, defendant Daniel A. Kundrat entered a plea of guilty to Count Three of the Indictment at Criminal No. 17-169, admitting to producing material depicting the sexual exploitation of a minor, contrary to the provisions of 18 U.S.C. §§ 2251(a) and (e), and further acknowledged responsibility for the conduct charged in all remaining Counts of the pending Indictment (Counts 1-2 and 4-6).

A sentencing hearing is presently scheduled for January 9, 2019, before this Honorable Court. In advance of the sentencing hearing, the government hereby submits this memorandum to the Court, recommending a sentence of imprisonment within the advisory Sentencing Guidelines range of 292 to 360 months. The following factors are relevant to the government's recommended sentence for the defendant in this case.

## I.    UNITED STATES SENTENCING GUIDELINES

The United States Supreme Court has instructed, "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v.*

*United States*, 522 U.S. 38, 49 (2007)).   Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable.   *Peugh*, 133 S.Ct. at 2083.   When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification *is sufficiently compelling* to support the degree of the variance."   *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added).   "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."   *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

In this case, the Sentencing Guidelines recommend a sentence of imprisonment of 292 to 360 months for this defendant, based upon the seriousness of the offense that he committed, various applicable enhancements, and the defendant's criminal history.

## II.    TITLE 18, UNITED STATES CODE, SECTION 3553

The factors cited under Title 18, United States Code, Section 3553, support the government's recommended sentence in this case.

**(1)    18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant**

### The Nature and Circumstances of the Offense

Defendant Kundrat engaged in online conversations with a child victim, age 14, for an extended period.   The child victim resided in Columbus, Ohio, and the defendant in the Western District of Pennsylvania.   The child victim expressed unhappiness and the desire to run away from her home.   On August 10, 2016, the defendant, then age 33, drove to Columbus from

Pennsylvania and brought the child victim back to his home in Millvale, Pennsylvania. Thereafter, the defendant and the child victim engaged in sex acts which the defendant recorded on his cell phone. The defendant and victim offered the videos depicting their sexual acts for sale over the Internet for between $2 and $15. The defendant and the child victim were ultimately located on September 1, 2016, at a McDonald's restaurant in Shaler Township, Pennsylvania. The defendant was arrested and interviewed. He admitted, among other things, to producing sexually explicit videos depicting the child victim, and to offering them for sale.

### The History and Characteristics of the Defendant

The defendant, who is now 35-years-old, has two prior convictions in the Court of Common Pleas of Allegheny County, Pennsylvania, the earliest of which was incurred in 2016, for Unlawful Possession of Child Pornography, and for which he was sentenced to serve three to six months' confinement and three years' probation. Thereafter, in 2017, the defendant was convicted of the following offenses: Involuntary Deviant Sexual Intercourse involving a person under the age of 16, Aggravated Indecent Assault involving a person under the age of 16, Statutory Sexual Assault, involving a person 11 years or older, Indecent Assault of a person less than 16, Unlawful Contact with a Minor involving a sexual offense, and Corruption of Minors involving Indecent Assault of a person less than 16 years. The defendant was sentenced to 5 to 10 years' confinement and 5 years' probation. The offenses underlying the 2017 conviction are related to the conduct that is the subject of the instant federal indictment.

The defendant is a healthy, a high school graduate, and reports having been employed in a number of jobs since 2006. Most recently, the defendant worked on an assembly line in a manufacturing warehouse in Aliquippa, Pennsylvania, earning approximately $10 per

hour.   The defendant has never been married and has no children.   The defendant reports having been teased in high school and to recently seeking the assistance of a psychiatrist while incarcerated for feelings of depression.

To his credit, the defendant has accepted responsibility and pleaded guilty to the instant offense, saving the government time, money, and resources.   The applicable advisory guideline range is 292 to 360 months' imprisonment, which appropriately reflects the very serious nature of his criminal conduct and his criminal history.

**(2)      18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

The defendant's conduct in this case is serious and aggravated in that he engaged in sexual conduct with a 14-year old female, videotaped and memorialized the sexual acts, and then offered such imagery for sale over the Internet.   The imposition of a fair and just sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment must be imposed.

**18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct**

The nature of the defendant's conduct is violent, and a significant term of imprisonment is critical to preventing him from committing similar crimes in the future.   It must be noted that the defendant's conduct will have a lasting, if not permanent, negative effect on the child victim.

**18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant**

The defendant acknowledges sexually assaulting a child and producing videos of such sexual abuse.   The Court must fashion a sentence which is more likely to prevent him from returning to the same or similar criminal activity and which will serve to protect the public from further crimes of this defendant.

**(3)      18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

The defendant faces a statutory term of imprisonment of not less than 15 years nor more than 30 years.   In addition to a term of imprisonment, the Court must impose a term of supervised release of at least five years and up to life, pursuant to 18 U.S.C. § 3583(k) and USSG § 5D1.2(b)(2).   Because the offense of conviction is a Class B felony, the defendant is ineligible for a sentence of probation.

**(4)      18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The government and the defendant concur that the defendant's total offense level is 39 and his criminal history category is II.   The advisory Sentencing Guideline range is, therefore, 292 to 360 months' imprisonment.   His guideline range for a term of supervised release is five years to life.   Restitution must be ordered in this case if requested by the victim, in accordance with 18 U.S.C. § 3663A.   To date, no such request has been submitted. The PSR writer has not identified any factors that would warrant a departure from the guideline range.   *See* PSR ¶ 69.

**(5)    18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

 There are no pertinent policy statements applicable.

**(6)    18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

Given the terms of the plea agreement and the statutorily required sentence in this case, there is little risk that the sentence to be imposed upon this defendant will result in any unwarranted sentencing disparities.

**(7)    18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

As indicated above, restitution must be ordered if requested by the child victim in this case.

## III.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, the government respectfully requests that the Court impose a fair and just sentence within the advisory Sentencing Guideline range.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/Carolyn J. Bloch
CAROLYN J. BLOCH
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
PA ID No. 53430

6